**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **WILBUR HILIGH**, |
| Plaintiff, |
| v. |
| **DUNCAN & HOPKINS, P.C.**, *et al.*, |
| Defendants. |

Case No. 25-cv-3371 (CRC)

<u>**OPINION & ORDER**</u>

Plaintiff Wilbur Hiligh, proceeding *pro se*, filed this lawsuit against three law firms that purportedly represented him in prior legal proceedings. His complaint broadly alleges that the firms engaged in a "systematic pattern" of fraud and professional misconduct. While Hiligh originally filed this case in the Superior Court of the District of Columbia, one of the firms timely removed the case to this Court. Hiligh now moves to remand the case on the grounds that the Court lacks subject matter jurisdiction and the removal was procedurally defective. Disagreeing, the Court will deny the motion.

## I.    Background

In July 2025, Hiligh filed a sprawling *pro se* complaint against law firms Duncan & Hopkins, P.C. ("Duncan & Hopkins"), McChesney & Dale, P.C. ("McChesney & Dale"), and McChesney, Duncan & Dale P.C. ("McChesney, Duncan & Dale"). In short, Hiligh alleges that during the firms' representation of him in "various legal matters," they "deliberately concealed" the existence of malpractice insurance policies during settlement negotiations. <u>See</u> Compl. at 4–7. He brings eighteen causes of action against the firms; some claims are familiar fare (e.g., negligence), while others are less common (e.g., "Conspiracy to Violate Professional Conduct Rules"). As relevant here, one of the claims alleged that the firms violated the federal Racketeer

Influenced and Corrupt Organizations ("RICO") Act by engaging in a "pattern" of mail and wire fraud. Id. at 14 (seeking treble damages under 18 U.S.C. § 1964(c)); see also id. at 22–23 (alleging that the firms engaged in a "pattern of professional misconduct under RICO").

Duncan & Hopkins filed a notice of removal on September 23, 2025. See Notice of Removal (ECF No. 3). The notice asserted that the action was removable under 28 U.S.C. § 1441(a) because it fell within the Court's federal question jurisdiction. See id. ¶¶ 2–3. It further claimed that the notice was timely filed, see id. ¶ 4 (citing 28 U.S.C. § 1446(b)(2)(B)), and that "upon information and belief, all parties who have been 'properly joined and served' consent to the removal of [the case] to the instant Court," id. ¶ 6 (quoting 28 U.S.C. § 1446(b)(2)(A)). In a separate motion for an extension of time to respond to the complaint, McChesney & Dale affirmed its consent to removal. See Mot. to Extend Time to Respond to Compl. (ECF No. 6) ¶ 3. McChesney, Duncan & Dale has not appeared in the case.

Before Defendants could respond to the complaint, Hiligh moved to remand the case. He first submits that while his complaint raised a federal question, the Court lacks subject matter jurisdiction because the vast majority of his claims are grounded in D.C. law. See Pl.'s Mot. to Remand ("Pl.'s Mot.") at 2–5. He then asserts that Duncan & Hopkins's notice of removal is procedurally defective because the other defendants failed to provide written consent to removal. See id. at 5–6. Duncan & Hopkins filed an opposition, and the motion to remand is fully briefed.[1]

---

[1] Hiligh has since filed a flurry of additional briefs in this matter, including a "supplemental memorandum" in support of his motion to remand. See Pl.'s Suppl. Mem. in Supp. of Request for Entry of Default & Mot. to Remand (ECF No. 31) ("Suppl. Mem."). The parties are reminded that they must move for leave to file a sur-reply. See Longwood Vill. Rest., Ltd. v. Ashcroft, 157 F. Supp. 2d 61, 68 n.3 (D.D.C. 2001).

2

## II.    Legal Standards

When a plaintiff files a civil action in state court, a defendant generally may remove the case to federal court if it falls within the federal court's original jurisdiction. See 28 U.S.C. § 1441(a); District of Columbia v. Grp. Hospitalization & Med. Servs., Inc., 576 F. Supp. 2d 51, 53 (D.D.C. 2008).  If the plaintiff moves to remand the case, the removing party bears the burden of establishing the Court's jurisdiction.  Jenkins v. District of Columbia, 79 F. Supp. 3d 265, 267 (D.D.C. 2015) (Cooper, J.).  The Court "construe[s] removal jurisdiction strictly, favoring remand where the propriety of removal is unclear."  Ballard v. District of Columbia, 813 F. Supp. 2d 34, 38 (D.D.C. 2011); see also  Johnson-Brown v. 2200 M St. LLC, 257 F. Supp. 2d 175, 177 (D.D.C. 2003) (noting that the Court "must resolve any ambiguities . . . in favor of remand").  "When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case[.]"  Republic of Venezuela v. Philip Morris Inc., 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c)).

## III.    Analysis

Hiligh contends that the Court must remand the case to D.C. Superior Court because (1) the Court lacks federal question jurisdiction, and (2) Duncan & Hopkins failed to obtain its co-defendants' consent before removing the case.  Both arguments fall short.

### A.    Federal Question Jurisdiction

The case is removable because the Court has "original jurisdiction" over at least one cause of action in Hiligh's complaint.  28 U.S.C. § 1441(a); see Nichols v. 300 M St. Dev. Grp., 783 F. Supp. 3d 273, 275 (D.D.C. 2025) ("Removal is proper . . . if the case could have been brought in federal court to begin with.").  As both parties recognize, the Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United

States."  28 U.S.C. § 1331.  To determine whether a cause of action "arises under" federal law, courts apply "the well-pleaded complaint rule, under which '[a] suit arises under the law that creates the cause of action.'"  District of Columbia v. Exxon Mobil Corp., 89 F.4th 144, 149 (D.C. Cir. 2023) (alteration in original) (quoting Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)).  This rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by *exclusive* reliance on state law."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (emphasis added).

The parties agree that Hiligh's cause of action under the RICO Act "presents a federal question."  Pl.'s Mot. at 4; see Opp'n to Pl.'s Mot. to Remand ("Opp'n") at 3.  Nevertheless, Hiligh maintains that the Court lacks subject matter jurisdiction because the complaint raises "predominantly state law claims."  Pl.'s Mot. at 3.  Since the Court has *original* jurisdiction over the RICO Act claim, it also has *supplemental* jurisdiction over the remaining D.C. law claims "so long as those claims constitute 'other claims that . . . form part of the same case or controversy."  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997) (alteration in original) (quoting 28 U.S.C. § 1367(a)).  All of the claims in Hiligh's complaint relate to his allegations that the law firms "concealed the existence" of malpractice insurance policies during settlement negotiations.  Compl. at 4.  Indeed, the predicate acts underlying the RICO Act count stem from the firms' purported "misrepresentations."  Id. at 14.  Hiligh's federal and D.C. law claims thus "derive from a common nucleus of operative fact," United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966), and "[t]hat is all [§ 1367(a)] requires to establish supplemental jurisdiction[,]" City of Chicago, 522 U.S. at 165; see also Busby v. Cap. One, N.A., 759 F. Supp. 2d 81, 85 (D.D.C. 2011) (exercising supplemental jurisdiction over state law claims because they arose out of the same facts as the plaintiff's RICO claims).

Moreover, the Court sees no sufficient basis to decline supplemental jurisdiction.  See 28 U.S.C. § 1367(c).  When considering the reasons for declining supplemental jurisdiction under § 1367(c), considerations of "judicial economy, convenience, fairness[,] and comity" play a role. Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260, 1266 (D.C. Cir. 1995) (citing Gibbs, 383 U.S. at 726).  Here, it appears that the allegations in the complaint overlap with another lawsuit that Hiligh brought against Duncan & Hopkins, which this Court handled as well.  See Hiligh v. Sands, 389 F. Supp. 3d 69 (D.D.C. 2019) (Cooper, J.).  The parties in that litigation filed a joint stipulation of dismissal, and this Court dismissed the case with prejudice. Because the Court is familiar with the parties, the facts underlying the dispute, and the potential preclusion and waiver claims that may follow, it will retain jurisdiction over the entirety of Hiligh's complaint, at least for now.

B.  Consent to Removal

The Court next concludes that the necessary defendants consented to removal.  "In a multi-defendant case, removal requires unanimous consent of all defendants served with the complaint."  Lapoint v. Mid-Atl. Settlement Servs., Inc., 256 F. Supp. 2d 1, 2 (D.D.C. 2003). This "rule of unanimity" requires the "a timely demonstration of consent from *all* served defendants within thirty days of service of the complaint."  Hurt v. District of Columbia, 869 F. Supp. 2d 84, 86 (D.D.C. 2012) (collecting cases); see 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").[2]  A removing defendant's

_____

[2] The D.C. Circuit has not addressed "when the time to obtain consent to removal runs in multiple-defendant cases."  Ballard, 813 F. Supp. 2d at 38 (internal citation marks omitted) (describing a circuit split on the issue).  The Court need not resolve that issue here because, as explained below, Duncan & Hopkins and McChesney & Dale were served on the same day and indicated their consent to removal within 30 days thereafter.  See 28 U.S.C. § 1446(b)(2).

failure to obtain unanimous consent is "not a curable defect if the plaintiff [timely] objects to that removal." Hurt, 869 F. Supp. 2d at 86. However, the rule of unanimity does *not* apply "where one or more of the defendants has not yet been served with the initial pleading when the removal petition was filed." Id. at 87 (explaining that "the rule requires unanimity from those defendants *who have been served*" (emphasis added)).

It is undisputed that both Duncan & Hopkins and McChesney & Dale were served before the former filed the notice of removal. See Opp'n at 2 (acknowledging that both firms were served on September 3, 2025); id., Ex. A (affidavit of service on McChesney & Dale dated September 3, 2025); but see Notice of Removal ¶ 4 (asserting that Duncan & Hopkins was served on September 2, 2025). As a result, both defendants must consent to removal. Duncan & Hopkins filed the notice of removal, and McChesney & Dale expressed its consent to removal in a separate motion filed on October 1, 2025. See Mot. to Extend Time to Respond to Compl. (ECF No. 6) ¶ 3 ("Duncan & Hopkins filed a Notice of Removal in this Court which McChesney & Dale consented to."). Thus, the rule of unanimity is met for both defendants.[3]

---

[3] This conclusion was a much closer call than Duncan & Hopkins may have assumed. See Opp'n at 1 (asserting that Hiligh's motion to remand "completely lacks merit"). In its notice of removal, Duncan & Hopkins stated that "upon information and belief, all parties who have been 'properly joined and served' consent to the removal of [the case] to the instant Court." Notice of Removal ¶ 6 (quoting 28 U.S.C. § 1446(b)(2)(A)). This statement alone may not have satisfied the rule of unanimity. First, there is at least some ambiguity in the phrase "upon information and belief," and the notice of removal does not specify which co-defendant(s) were properly joined and served. See Ok Yeon Cho v. District of Columbia, 547 F. Supp. 2d 28, 30 (D.D.C. 2008) ("Each defendant's consent to removal must be unambiguous[.]"). Second, some courts in this district have suggested that co-defendants must *independently* consent to removal. See, e.g., Hurt, 869 F. Supp. 2d at 86 n.1 (D.D.C. 2012) ("Although different federal jurisdictions have varying interpretations of what specifically qualifies as consent to removal, there is a general consensus that every defendant must *somehow* show agreement within thirty days of being served."); Williams v. Howard Univ., 984 F. Supp. 27, 29 (D.D.C. 1997) ("While there is some variety in the timing and formality required for defendants to express their unanimous consent to removal, each defendant's consent to removal must be unambiguous and independent." (footnote omitted)). Third, other circuits are divided on whether served

The remaining question is whether McChesney, Duncan & Dale was properly served—and thus needed to consent—before Duncan & Hopkins filed the notice of removal. The sufficiency of process is governed by D.C. law. See Price v. Auto. Fin. Corp., No. 25-cv-2333 (LLA), 2026 WL 686150, at *6 (D.D.C. Mar. 11, 2026) (concluding that the D.C. Superior Court's procedural rules governed service of process because the plaintiff attempted service before the defendant removed the case to federal court).

As Hiligh concedes, McChesney, Duncan & Dale was dissolved as a professional corporation more than 25 years ago. See Compl. at 15 (alleging that the firm was formally dissolved in September 2000). Under D.C. law, the dissolution of a corporation does not necessarily "[p]revent commencement of a proceeding . . . against the corporation in its corporate name," D.C. Code § 29–312.05(b)(5), nor does it "[t]erminate the authority of the registered agent of the corporation," id. § 29–312.05(b)(7); Fed. R. Civ. P. 17(b)(2) (providing that a corporation's capacity to be sued is determined "by the law under which it was organized"). Assuming that McChesney, Duncan & Dale is capable of being sued, Hiligh could serve it by delivering a copy of the complaint and summons "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" D.C. Super. Ct. R. Civ. P. 4(h)(1)(B); see Skewes-Cox v. Georgetown Univ. L. Ctr., No. 24-5065, 2025 WL 1099211, at *2 (D.C. Cir. Apr. 14, 2025) (per curiam).

---

defendants must independently consent to removal in writing, or whether the removing defendant may simply represent that its co-defendants consent to removal. See Boring v. Riedman Dev. Corp., No. 25-cv-1640, 2025 WL 2111067, at *3 (E.D. Pa. July 25, 2025) (describing the circuit split). Had McChesney & Dale not later confirmed—albeit in passing—that it consented to removal, the Court may well have found that the notice of removal was procedurally defective.

Hiligh contends that he properly served McChesney, Duncan & Dale by sending a copy of the complaint and summons to attorney Charles F. Fuller via e-mail. See Pl.'s Reply Br. Regarding Defs.' False Service Contentions ("Reply Br.") at 2. In his response to the e-mail, Fuller—who is an attorney at McChesney & Dale—declined to accept service on behalf of McChesney, Duncan & Dale. See id., Ex. A (e-mail from Fuller accepting service only on behalf of McChesney & Dale); id., Ex. B (process server noting that Fuller declined to accept service on behalf of McChesney, Duncan & Dale). Hiligh claims that Fuller cannot decline service because he is "[a]n attorney acting on behalf of a corporate defendant." Reply Br. at 3; see id. at 2, 4, 6. Even assuming that were true, delivering the complaint and summons to McChesney, Duncan & Dale's attorney does not necessarily mean that the firm was properly served. See Raja v. Fed. Deposit Ins. Corp., No. 16-cv-0511 (KBJ), 2018 WL 818393, at *3 (D.D.C. Feb. 12, 2018) (serving the defendant's attorney does not constitute proper service under Federal Rule of Civil Procedure 4 if the attorney was not the defendant's designated agent); Johnson-Richardson v. Univ. of Phoenix, No. 18-cv-3016 (RDM), 2020 WL 7318004, at *2 (D.D.C. Dec. 11, 2020) ("With respect to either individuals or corporations, service on counsel is proper only when counsel is an agent authorized to receive service."); Skewes-Cox, 2025 WL 1099211, at *2 ("As the D.C. Court of Appeals has repeatedly emphasized, it is not sufficient to show merely that the summons and complaint have arrived at the office of the entity served or were received by an employee not authorized to accept service of process.").[4] There is no evidence before the Court that Fuller was authorized to accept service on behalf of McChesney,

---

[4] Hiligh also suggests that service was valid because McChesney, Duncan & Dale had "actual notice of the lawsuit." Reply Br. at 5. But "notice alone cannot cure an otherwise defective service." Williams v. HHS, No. 22-cv-1084 (RC), 2023 WL 2139367, at *5 (D.D.C. Feb. 21, 2023) (citation and internal quotation marks omitted)).

Duncan & Dale.[5] Nor is there evidence that Hiligh attempted to effectuate service on the firm after Duncan & Hopkins removed the case to this Court. See 28 U.S.C. § 1448. Accordingly, the Court cannot find that McChesney, Duncan & Dale was properly served, so its consent was not necessary under 28 U.S.C. § 1446(b)(2)(A). The removal was therefore proper.[6]

C.  Request for Entry of Default

Hiligh also requests that the Court enter a default against McChesney, Duncan & Dale because the firm "has wholly failed to plead or otherwise defend within the time required by law." Pl.'s Request for Entry of Default at 2. As explained above, there is insufficient evidence before the Court that McChesney, Duncan & Dale was properly served. But in any case, Hiligh's request fails for a more fundamental reason: The Court stayed Defendants' deadline to file an answer or otherwise respond to the complaint until it resolved the motion to remand. See Oct. 7, 2025 Min Order. Because McChesney, Duncan & Dale has not "failed to plead or otherwise defend" in this lawsuit, it is not in default. Fed. R. Civ. P. 55(a).

---

[5] In a belated supplemental filing, Hiligh alleges that Fuller accepted service on behalf of McChesney, Duncan & Dale in a 2023 case filed in D.C. Superior Court. See Suppl. Mem. at 4, 7–8. Even if Fuller affirmatively accepted service in that case—a fact that is not clear from the record—there is still no evidence that McChesney, Duncan & Dale "intended to confer [the] authority" to accept service on him. Boss v. Pillsbury Winthrop Shaw Pittman, No. 25-cv-616 (TSC), 2025 WL 3002910, at *2 (D.D.C. Oct. 27, 2025); see Price, 2026 WL 686150, at *7 (concluding that the plaintiff failed to perfect service by delivering the complaint and summons to an attorney representing the defendant in a related proceeding because there was no indication that the attorney was the defendant's "registered agent or someone authorized to receive service" on the defendant's behalf). Indeed, the docket for the 2023 case indicates that counsel for McChesney, Duncan & Dale did not enter an appearance or otherwise participate in the case.

[6] As this case moves forward, the Court will permit Hiligh to reattempt service on McChesney, Duncan & Dale. See Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993) ("Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.").

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [8] Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction and Defective Removal Procedure is DENIED.  It is further

**ORDERED** that [22] Plaintiff's Motion to Expedite Ruling on Motion to Remand is DENIED as moot.  It is further

**ORDERED** that [24] Plaintiff's Request for Entry of Default Against Defendant McChesney, Duncan & Dale, P.C. is DENIED without prejudice.  It is further

**ORDERED** that Defendant Duncan & Hopkins, P.C. shall file a copy of Plaintiff's complaint (ECF No. 1-2) with all exhibits attached, or notify the Court that no exhibits were attached to Plaintiff's complaint, by May 8, 2026.  It is further

**ORDERED** that Defendants Duncan & Hopkins, P.C. and McChesney & Dale, P.C. shall file an Answer or otherwise respond to the complaint by May 22, 2026.

**SO ORDERED**.

 

 

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  <u>April 28, 2026</u>